[858 NYS2d 332]

In the Matter of Mark Easton, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, May 20, 2008

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Robert A. Green* of counsel), for petitioner.

*Bracken & Margolin, LP*, Islandia (*John B. Bracken* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated April 20, 2005, containing four

charges of professional misconduct. After a preliminary conference on November 13, 2006, at which the respondent admitted the charges, and a hearing on May 21, 2007, Special Referee Besunder sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as this Court deems just and proper. The respondent's counsel has submitted an affirmation urging that the Special Referee's report be confirmed in full and that this Court consider the mitigating and extenuating evidence and impose a public censure as the appropriate measure of discipline.

Charge one alleges that the respondent neglected a legal matter entrusted to him by failing to timely and/or diligently pursue such matter, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent was retained by Maria Scarpati in or about September 1993 to represent her minor daughter in a personal injury action against Sewanhaka Central High School District and Carey High School. On or about September 24, 1993, the respondent served a notice of claim upon those entities. However, he failed to file a summons and complaint against them. As a result, the action on behalf of Ms. Scarpati's daughter was barred by the applicable statute of limitations.

Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by misleading his client as to the status of the legal matter entrusted to him, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based on the factual specifications of charge one.

On one or more occasions between September 1993 through July 1998, the respondent misled Ms. Scarpati as to the true status of her legal matter. The respondent provided his client with a summons and complaint that he prepared against Sewanhaka Central High School District and Carey High School and indicated that he had served these entities in or about the end of July 1997. The respondent never served the summons and complaint upon these entities.

Charge three alleges that the respondent neglected a legal matter entrusted to him by failing to timely and/or diligently pursue such matter, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent was retained by Jeneva McLean-Yao to prosecute a personal injury claim against Muss Development Corp. in

or about 1993 and commenced an action by filing a summons and complaint naming the corporation as a defendant. He thereafter caused the summons and complaint to be served upon that corporation. By order of the Supreme Court, Queens County, entered in or about February 1995, Muss Development Corp. was found in default and an inquest was scheduled. As a result of the respondent's failure to conduct an inquest on the scheduled date, the action was marked off the inquest calendar on or about October 26, 1996. The respondent failed to take any further action with respect to that matter.

Charge four alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by misleading his client as to the status of the legal matter entrusted to him, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

On one or more occasions between October 1996 and November 1999, the respondent misled Ms. McLean-Yao as to the true status of her legal matter. The respondent misled his client by indicating that he was pursuing her legal matter when he knew that to be untrue. In addition, the respondent sent his client monies which he led her to believe were related to a settlement when he knew that to be untrue.

In view of the respondent's unequivocal admissions, the Special Referee properly sustained all four charges. The Grievance Committee's motion to confirm the Special Referee's report, as supported by the respondent's counsel, is granted.

In determining an appropriate measure of discipline to impose, the respondent emphasizes that none of his actions or inactions was venal in nature. Rather than inuring to his benefit, the respondent's conduct was self-defeating. His inability to confront the needs of clients was plainly observable and was clearly due to his anxiety disorder evidenced by his depression and obsessive compulsive behavior. The reports and affirmations submitted by both his own and the court-appointed psychiatrists establish that his illness was a substantial factor in the behavior pattern which resulted in the grievances filed against him.

The Special Referee found the respondent to be honest, *candid, and remorseful. While the respondent* misled clients, the Special Referee proffered the opinion that his intent was only to avoid dealing with the situation and not hurting their feelings.

Grievance Counsel notes that the respondent's prior disciplinary history consists of one letter of caution, dated February 11, 1988, based on his neglect of a legal matter entrusted to him.

In view of the mitigating and extenuating circumstances, the duration of his suspension, and the fact that aggrieved clients have been rendered whole, the respondent is publicly censured for his misconduct.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and FISHER, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.